## BRAGG v. NALL.

1. When an indorsement is alledged, which the defendant fails to controvert by a sworn plea, if the signature of the defendant appears upon the note, which is averred to be an indorsement, the note must be allowed to go to the jury.

Error to the County Court of Lowndes.

Assumpsit by the plaintiff in error, as indorsee of two promissory notes, executed by the defendant in error, payable to J. A. Butler. The defendant pleaded *non-assumpsit* in the usual form, without affidavit.

Upon the trial of the cause, as appears from a bill of exceptions, the plaintiff produced the two notes sued upon, which were written on the same piece of paper, upon the back of which, the name of Butler, the payee, was written twice, not across, but lengthwise of the notes. There were also receipts of the payee upon the back of the notes, occupying much of the space. The defendant moved the court, upon an inspection of the notes, to exclude the first of the notes, because of the misdescription, contending that there was no indorsement of that note. The court excluded the note from the jury, and the plaintiff excepted. This is now assigned as error.

Watts, for plaintiff in error.

1. There appears on the back of the note excluded from the jury, and also on the note to which it is attached, the name of the payee. And it is alledged in the declaration, that both were indorsed by the present plaintiff; it was therefore the duty of the defendant, before he could cast the burden of proof on the plaintiff, to file his sworn plea denying the indorsement. See Beal v. Snedicor, 8 Porter, —; Tarver v. Nance, 5 Ala. 712; Jennings v. Cummings & Mason, 9 Porter, 309; Trustees of the Female Academy v. Brown, 3 Ala. 326; McWhirter v. Lewis, 4 Ala. 198; Riggs v. An-

Bragg v. Nall.

drews & Co. 8 Ala. 628; Sawyers, adm'r, v. Patterson, 11 Ala. 524.

2. The case of Dew v. Garner, 7 Porter, 503, cannot in principle be distinguished from this, although the decision was made under another statute. That statute is similar in its provisions to the one under which this case comes.

3. The motion to exclude the note, which was sustained in the county court, is nothing more nor less than an attempt, to show that the plaintiff is not the owner of the notes sued on. This cannot be done, save under a sworn plea. See authorities cited under the first point.

4. The court erred in excluding this note, *in limine*, from the jury, even if it would have been right to require additional proof from the plaintiff, of the indorsement. In analogy to the practice, at present recognized by this court, under a plea of *non est factum*, the note must be first permitted to be read to the jury.

T. J. JUDGE, contra.

1. *Prima facie* there was no indorsement of the note excluded from the jury; hence, no sworn plea was necessary, putting in issue the fact of an indorsement.

2. As there was *prima facie* no indorsement, the court acted properly in excluding the note—particularly as no extrinsic proof was offered by plaintiff in error, as the record shows, to show an indorsement, or explain the writing on the back of the note. Crenshaw v. Davenport and wife, 6 Ala. 390.

3. Plaintiff in no cause, is bound to prove an indorsement, unless a sworn plea be put in. But he is always required to produce an indorsement, when he declares on a writing as having been indorsed, whether there is a plea in, contesting the *factum* of indorsement, or not.

CHILTON, J.—The only question is, whether the county court properly excluded the note offered in evidence from the jury, and the propriety of its decision depends upon the fact, whether or not the note was indorsed by Butler, the payee. The two notes are written upon the same piece of paper. The name of the payee, Butler, is written upon each

note; but instead of being written, as is usual, across the notes, is written lengthwise. The name upon the excluded note appears between two receipts thereon indorsed, which receipts cover the back of the note so as to leave no space for an indorsement, except beneath or between them. It is insisted by the counsel for the defendant in error, that the name is but the signature of the payee to the receipt, and was not intended as an indorsement. This position is repelled to some extent by the fact that the payee did not think it necessary to sign the receipt, as is shown by his failing to place his signature to the one last indorsed. This circumstance, coupled with the further fact, that the name was written on the only blank space upon the back of the note, where it could well have been placed, we think was sufficient, in the absence of a sworn plea denying the indorsement, to authorize its admission as evidence. The defendant was advised by the declaration which averred the indorsement, that the signature was regarded as passing the title to the note. The statute dispenses with proof of the assignment, unless defendant denies it under oath. Digest, 341, § 158. Now we think, under the facts of the case, the note was *prima facie* admissible, as the defendant did not choose to put the plaintiff on proof that the party designed by his signature to pass the title to it. It may often be a very difficult question to determine from the paper itself, whether the signature was designed as an indorsement, or may not be referred to some preceding receipt or memorandum upon the note. The true rule is, when the defendant fails to controvert the indorsement by plea, and the signature appears upon the note which is averred to be an indorsement, to allow the note to go to the jury. See the authorities upon the brief of the plaintiff's counsel.

Judgment reversed and cause remanded.